# EXHIBIT A

**IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

| | |
|---|---|
| **BARBARA CURRY** | ) **JURY TRIAL DEMANDED** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.** |
| | ) |
| **EQUIFAX INFORMATION SERVICES, LLC** | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

## COMPLAINT

Plaintiff Barbara Curry ("Plaintiff") by and through undersigned counsel, hereby sues Equifax Information Services, LLC ("Defendant" or "Equifax") for violations of the Fair Credit Reporting Act ("FCRA').

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages not to exceed $8,000, exclusive of attorney's fees and costs, brought by Plaintiff, Barbara Curry an individual consumer, against Defendant Equifax Information Services, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and Fla. Stat. § 34.01.

3. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the court pursuant to Fla. Stat. § 48.193.

4. Venue is proper in Broward County, Florida pursuant to Fla. Stat. § 47.051, because the acts complained of were committed and/or caused by the Defendant therein.

## PARTIES

5. Plaintiff Barbara Curry is a natural person residing in Broward County, Florida.

6. Plaintiff is a Consumer within the meaning of the FCRA, 15 U.S.C. § 1681 a(c).

7. Defendant Equifax is a Georgia Limited Liability Company, with a principal business address of 1550 Peachtree St. NW, Atlanta, GA 30309. Equifax is registered to conduct business in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

## ALLEGATIONS

### Defendant Refused to Provide Plaintiff With a Full Disclosure as Required By § 1681g of the FCRA

8. Defendant Equifax is a "Consumer Reporting Agency" ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that for monetary fees, dues, and/or a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

9. Under the FCRA, 15 U.S.C. § 1681g(a)(1), a consumer is entitled to obtain from a consumer reporting agency all information in that consumer's file at the time of the request. Full file disclosures are critical for identifying inaccuracies, initiating disputes, and protecting one's financial interests.

10. Plaintiff, like all consumers, relies on accurate and transparent credit reporting to secure housing, employment, credit, and other opportunities.

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

11. Plaintiff relies on the assurance that any such credit reporting is conducted accurately and in full compliance with the law.

12. The FCRA requires consumer reporting agencies such as Defendant to ensure maximum accuracy in the information they report (15 U.S.C. § 1681e(b)).

13. Under the FCRA, Defendant is required to provide full and complete information contained in a consumer's file and or reports upon the consumer's request. Full disclosures enable consumer to verify the accuracy of their files, identify errors, and request the correction or removal of information that is inaccurate, incomplete, unverifiable, contradictory, or outdated.

14. On or about October 7, 2025, Plaintiff requested Plaintiff's full file disclosure pursuant to § 1681g(a)(1), not merely a credit report or summary of accounts.

15. Notably, Plaintiff's written request also included proof of address, a copy of Plaintiff's Florida Driver's License, and a copy of Plaintiff's Social Security card, providing all necessary documentation for proper identification.

16. Pursuant to 15 U.S.C. §1681g(a)1, upon receipt of Plaintiff's request, Equifax was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of her request.

17. However, on or about October 14, 2025, Defendant responded with a form letter claiming the identification was "illegible," despite Plaintiff providing a clear copy of her government-issued ID and Social Security card.

18. Upon information and belief, Defendant routinely engages in this practice with consumers requesting full file disclosures, demonstrating a pattern of willful noncompliance.

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

19. A full file disclosure encompasses more than what is included in a consumer report or credit report. It consists of all information that the consumer reporting agencies possess about the consumer at the time the consumer requests the information.

20. As a result of not receiving the complete file, Plaintiff was unable to determine the source of certain information affecting her credit standing, undermining her ability to correct errors or pursue disputes in a timely manner.

21. Plaintiff has suffered actual damages because of Defendant's actions, omissions, and inactions, in the form of anger, anxiety, emotional distress, fear, frustration, loss of sleep, headaches, embarrassment, and other negative emotions, as well as suffering from unjustified and abusive practices.

**COUNT I**
**WILLFUL, AND IN THE ALTERNATIVE, NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. §1681g**

22. Plaintiff re-alleges and reincorporates all previous paragraphs as fully set out herein.

23. Defendant violated 15 U.S.C. § 1681g by knowingly refusing to provide Plaintiff with her full file disclosure after receiving a valid written request accompanied by adequate identification.

24. Defendant's conduct was willful, intentional, and carried out in flagrant disregard of Plaintiff's rights under the FCRA. In the alternative, Defendant acted negligently in failing to comply with its duties under the law.

25. All actions and inactions of Defendant have proximately caused Plaintiff including but not limited to damages mentioned in this complaint and past and future monetary loss, past

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

and future damage to Plaintiff's credit and credit worthiness, past and future mental distress, and emotional anguish, and other damages that will be presented to the trier of fact.

26. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages, including but not limited to emotional distress, frustration, reputational harm, and denial of information to which she was legally entitled.

27. Plaintiff is entitled to recover statutory damages, actual damages, punitive damages, and attorney's fees and costs under 15 U.S.C. §§ 1681n and/or 1681o.

**JURY DEMAND AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands a jury trial and requests this Court enter judgment against Defendant for violations of the FCRA, and award Plaintiff the following relief:

A. Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and n(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1681o(a)(1) and n(a)(1)A;

C. Punitive damages pursuant to 15 U.S.C. § 1681o(a)(1) and n(a)(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a)(2);

E. For such other and further relief as the Court may deem just and proper.

DATED November 7, 2025

Respectfully submitted,

**TRACEY CABANIS,**
**ATTORNEY AT LAW, PLLC**

*/s/ Tracey Cabanis*
Tracey Cabanis, Esq.
Florida Bar No.: 52647
Tracey@AttorneyTracey.com

2719 Hollywood Blvd., A-1953
Hollywood, FL 33020
Tel: 954-715-5152 Fax: 954-827-0967
*Attorneys for Plaintiff*

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY